**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| ESW OPERATIONS, LLC, | § | |
| | § | |
| and | § | |
| | § | C.A. No. _____: |
| AUREA SOFTWARE, LLC | § | |
| | § | **JURY TRIAL DEMANDED** |
| Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | |
| IXL LEARNING, INC. and WYZANT, INC., | § | |
| | § | |
| Defendant. | § | |
| | § | |

## ORIGINAL COMPLAINT

Plaintiffs ESW Operations, LLC ("ESW") and Aurea Software, LLC ("Aurea") (collectively, "Plaintiffs") file this Complaint for Patent Infringement against Defendants IXL Learning, Inc. ("IXL") and Wyzant, Inc. ("Wyzant") (jointly, "Defendants"). In support thereof, Plaintiffs allege as follows:

## NATURE OF THE SUIT

1. This is a civil action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code. Plaintiffs seek damages and injunctive relief for Defendants' infringement of three United States patents: U.S. Patent No. 11,003,864 (the "'864 Patent"), U.S. Patent No. 10,452,698 (the "'698 Patent"), and U.S. Patent No. 10,592,480 (the "'480 Patent") (collectively, the "Asserted Patents").

2. ESW is the owner of the '864 Patent. IXL has infringed and continues to infringe the '864 Patent through its operation of the IXL Learning Platform (www.ixl.com).

3. ESW is the owner of the ’698 Patent. Wyzant has infringed and continues to infringe the ’698 Patent through its operation of the Wyzant Tutoring Marketplace (www.wyzant.com).

4. Aurea is the owner of the ’480 Patent. Wyzant has infringed and continues to infringe the ’480 Patent through its operation of the Wyzant Tutoring Marketplace (www.wyzant.com).

## THE PARTIES

5. Plaintiff ESW Operations, LLC is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business at 2028 E Ben White Blvd, Suite 240-2650 Austin, TX 78741.

6. Plaintiff Aurea Software, LLC is a Delaware limited liability company with its principal place of business at 2028 E Ben White Blvd, Suite 240-2650 Austin, TX 78741.

7. On information and belief, Defendant IXL Learning, Inc. is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 777 Mariners Island Boulevard, Suite 600, San Mateo, California 94404. IXL may be served through its registered agent, The Corporation Trust Company, in the State of Delaware located at Corporation Trust Center 1209 Orange St., Wilmington, DE 19801.

8. On information and belief, Defendant Wyzant, Inc. is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 777 Mariners Island Boulevard, Suite 600, San Mateo, California 94404. Wyzant may be served through its registered agent, The Corporation Trust Company, in the State of Delaware located at Corporation Trust Center 1209 Orange St., Wilmington, DE 19801.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, Title 35 of the United States Code.

10. This Court has personal jurisdiction over Defendants IXL Learning, Inc. and Wyzant, Inc. because each is a corporation organized and existing under the laws of the State of Delaware and is therefore subject to general personal jurisdiction in this District. In addition, each Defendant has committed and continues to commit acts of patent infringement in this District, including by making, using, offering for sale, selling, and/or importing the accused products and services in violation of the Asserted Patents.

11. Venue is proper in this District pursuant to 28 U.S.C. § 1400(b) because Defendants IXL Learning, Inc. and Wyzant, Inc. are each incorporated under the laws of the State of Delaware and therefore reside in this District for purposes of § 1400(b).

## FACTUAL BACKGROUND

### A. The Asserted Patents

12. The United States Patent and Trademark Office ("USPTO") duly and lawfully issued U.S. Patent No. 11,003,864, entitled *Artificial Intelligence Optimized Unstructured Data Analytics Systems and Methods*, on May 11, 2021. A true and correct copy of the '864 Patent is attached hereto as **Exhibit A** and incorporated herein by reference.

13. ESW is the owner of all right, title, and interest in and to the '864 Patent, including the right to sue for and recover damages for past, present, and future infringement.

14. The United States Patent and Trademark Office ("USPTO") duly and lawfully issued U.S. Patent No. 10,452,698, entitled *Unstructured Data Analytics Systems and Methods*, on

October 22, 2019. A true and correct copy of the ’698 Patent is attached hereto as **Exhibit B** and incorporated herein by reference.

15. ESW is the owner of all right, title, and interest in and to the ’698 Patent, including the right to sue for and recover damages for past, present, and future infringement.

16. The United States Patent and Trademark Office (“USPTO”) duly and lawfully issued U.S. Patent No. 10,592,480, entitled *Affinity Scoring*, on March 17, 2020. A true and correct copy of the ’480 Patent is attached hereto as **Exhibit C** and incorporated herein by reference.

17. Aurea is the owner of all right, title, and interest in and to the ’480 Patent, including the right to sue for and recover damages for past, present, and future infringement.

**B. IXL Learning, Wyzant, and the Accused Products**

18. IXL operates an artificial intelligence-powered personalized educational learning platform available at www.ixl.com (the “IXL Learning Platform”). The IXL Learning Platform delivers adaptive educational content and personalized learning experiences across mathematics, English language arts, science, social studies, and Spanish, and is marketed to students, parents, teachers, schools, and other educational institutions.

19. On information and belief, the IXL Learning Platform uses artificial intelligence and machine-learning techniques, including IXL’s proprietary SmartScore algorithm and its Real-Time Diagnostic adaptive assessment tool, to analyze student performance data, generate personalized recommendations and learning plans, and present analytics, performance metrics, and other summary information to teachers and other users. IXL publicly markets the IXL Learning Platform as providing “personalized learning” powered by artificial intelligence.

20. On information and belief, Wyzant operates an online tutoring marketplace available at www.wyzant.com (the “Wyzant Tutoring Marketplace”). The Wyzant Tutoring

Marketplace connects students and parents with individual tutors across a wide range of academic subjects and skills.

21. On information and belief, the Wyzant Tutoring Marketplace uses a proprietary algorithm—which Wyzant publicly refers to as its "relevant data engine"—to analyze tutor profiles, including biographical information, subject qualifications, photographs, resumes, and other tutor profile information (collectively, "unstructured data"), rank tutors for relevancy to student search queries, and display tutor search results, filtered search results, and student reviews to users of the marketplace.

22. Defendants have made, used, offered for sale, sold, and continue to make, use, offer for sale, and sell their respective accused products and services throughout the United States, including in this District, without authorization from Plaintiffs and in infringement of the Asserted Patents.

**COUNT I**
**Infringement of U.S. Patent No. 11,003,864**

23. Plaintiffs incorporate by reference and re-allege each of the foregoing paragraphs as though fully set forth herein.

24. On information and belief, IXL has directly infringed and continues to directly infringe one or more claims of the '864 Patent, including at least claim 1, by making, using, selling, offering for sale, and/or importing products and services that embody the inventions claimed in the '864 Patent, including, without limitation, the IXL Learning Platform (the "Accused Products"), in violation of 35 U.S.C. § 271(a).

25. An exemplary claim chart demonstrating how the Accused Products satisfy each limitation of at least claim 1 of the '864 Patent is attached hereto as **Exhibit D** and incorporated herein by reference.

26. On information and belief, IXL has had knowledge of the ’864 Patent at least since the service of this Complaint. Following such knowledge, IXL has induced and continues to induce infringement of one or more claims of the ’864 Patent, including at least claim 1, in violation of 35 U.S.C. § 271(b), by instructing, encouraging, and directing its customers and end users to use the Accused Products in an infringing manner, including through product documentation, implementation materials, training, and other support, with knowledge of the ’864 Patent and the specific intent to encourage infringement.

27. On information and belief, IXL also contributes to the infringement of one or more claims of the ’864 Patent under 35 U.S.C. § 271(c) by making, using, offering to sell, selling, and/or importing the Accused Products, which constitute a material part of the claimed invention, are especially made or especially adapted for infringing use, and are not staple articles or commodities of commerce suitable for substantial non-infringing use.

28. On information and belief, following its knowledge of the ’864 Patent, IXL has continued its infringement of the ’864 Patent. Such continued infringement has been and continues to be willful, entitling ESW to seek enhanced damages pursuant to 35 U.S.C. § 284.

29. As a result of IXL’s infringement of the ’864 Patent, ESW has suffered and continues to suffer damages in an amount to be determined at trial, but in no event less than a reasonable royalty pursuant to 35 U.S.C. § 284, together with pre- and post-judgment interest and costs.

30. Unless enjoined by this Court, IXL’s infringement of the ’864 Patent will continue to cause ESW irreparable harm for which there is no adequate remedy at law.

**COUNT II**
**Infringement of U.S. Patent No. 10,452,698**

31. Plaintiffs incorporate by reference and re-allege each of the foregoing paragraphs as though fully set forth herein.

32. On information and belief, Wyzant has directly infringed and continues to directly infringe one or more claims of the ’698 Patent, including at least claim 1, by making, using, selling, offering for sale, and/or importing products and services that embody the inventions claimed in the ’698 Patent, including, without limitation, the Wyzant Tutoring Marketplace (the “Accused Products”), in violation of 35 U.S.C. § 271(a).

33. An exemplary claim chart demonstrating how the Accused Products satisfy each limitation of at least claim 1 of the ’698 Patent is attached hereto as **Exhibit E** and incorporated herein by reference.

34. On information and belief, Wyzant has had knowledge of the ’698 Patent at least since the service of this Complaint. Following such knowledge, Wyzant has induced and continues to induce infringement of one or more claims of the ’698 Patent, including at least claim 1, in violation of 35 U.S.C. § 271(b), by instructing, encouraging, and directing its customers and end users to use the Accused Products in an infringing manner, including through product documentation, implementation materials, training, and other support, with knowledge of the ’698 Patent and the specific intent to encourage infringement.

35. On information and belief, Wyzant also contributes to the infringement of one or more claims of the ’698 Patent under 35 U.S.C. § 271(c) by making, using, offering to sell, selling, and/or importing the Accused Products, which constitute a material part of the claimed invention, are especially made or especially adapted for infringing use, and are not staple articles or commodities of commerce suitable for substantial non-infringing use.

36. On information and belief, following its knowledge of the ’698 Patent, Wyzant has continued its infringement of the ’698 Patent. Such continued infringement has been and continues to be willful, entitling ESW to seek enhanced damages pursuant to 35 U.S.C. § 284.

37. As a result of Wyzant’s infringement of the ’698 Patent, ESW has suffered and continues to suffer damages in an amount to be determined at trial, but in no event less than a reasonable royalty pursuant to 35 U.S.C. § 284, together with pre- and post-judgment interest and costs.

38. Unless enjoined by this Court, Wyzant’s infringement of the ’698 Patent will continue to cause ESW irreparable harm for which there is no adequate remedy at law.

**COUNT III**
**Infringement of U.S. Patent No. 10,592,480**

39. Plaintiffs incorporate by reference and re-allege each of the foregoing paragraphs as though fully set forth herein.

40. On information and belief, Wyzant has directly infringed and continues to directly infringe one or more claims of the ’480 Patent, including at least claim 1, by making, using, selling, offering for sale, and/or importing products and services that embody the inventions claimed in the ’480 Patent, including, without limitation, the Wyzant Tutoring Marketplace (the “Accused Products”), in violation of 35 U.S.C. § 271(a).

41. An exemplary claim chart demonstrating how the Accused Products satisfy each limitation of at least claim 1 of the ’480 Patent is attached hereto as **Exhibit F** and incorporated herein by reference.

42. On information and belief, Wyzant has had knowledge of the ’480 Patent at least since the service of this Complaint. Following such knowledge, Wyzant has induced and continues to induce infringement of one or more claims of the ’480 Patent, including at least claim 1, in

violation of 35 U.S.C. § 271(b), by instructing, encouraging, and directing its customers and end users to use the Accused Products in an infringing manner, including through product documentation, implementation materials, training, and other support, with knowledge of the ’480 Patent and the specific intent to encourage infringement.

43. On information and belief, Wyzant also contributes to the infringement of one or more claims of the ’480 Patent under 35 U.S.C. § 271(c) by making, using, offering to sell, selling, and/or importing the Accused Products, which constitute a material part of the claimed invention, are especially made or especially adapted for infringing use, and are not staple articles or commodities of commerce suitable for substantial non-infringing use.

44. On information and belief, following its knowledge of the ’480 Patent, Wyzant has continued its infringement of the ’480 Patent. Such continued infringement has been and continues to be willful, entitling Aurea to seek enhanced damages pursuant to 35 U.S.C. § 284.

45. As a result of Wyzant’s infringement of the ’480 Patent, Aurea has suffered and continues to suffer damages in an amount to be determined at trial, but in no event less than a reasonable royalty pursuant to 35 U.S.C. § 284, together with pre- and post-judgment interest and costs.

46. Unless enjoined by this Court, Wyzant’s infringement of the ’480 Patent will continue to cause Aurea irreparable harm for which there is no adequate remedy at law.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of any and all issues triable of right before a jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs ESW Operations, LLC and Aurea Software respectfully request that the Court enter judgment in their favor and against Defendants IXL Learning, Inc. and Wyzant, Inc., and award the following relief:

A. A judgment that IXL has directly infringed and continues to directly infringe, and has induced and/or contributed to the infringement of, one or more claims of the ’864 Patent;

B. A judgment that Wyzant has directly infringed and continues to directly infringe, and has induced and/or contributed to the infringement of, one or more claims of the ’698 Patent;

C. A judgment that Wyzant has directly infringed and continues to directly infringe, and has induced and/or contributed to the infringement of, one or more claims of the ’480 Patent;

D. A permanent injunction enjoining IXL, its officers, directors, employees, agents, subsidiaries, affiliates, successors, assigns, and all persons acting in active concert or participation with any of them, from further infringement of the ’864 Patent pursuant to 35 U.S.C. § 283;

E. A permanent injunction enjoining Wyzant, its officers, directors, employees, agents, subsidiaries, affiliates, successors, assigns, and all persons acting in active concert or participation with any of them, from further infringement of the ’698 Patent and the ’480 Patent pursuant to 35 U.S.C. § 283;

F. An award to ESW of damages adequate to compensate it for IXL’s infringement of the ’864 Patent, in an amount to be proven at trial, but in no event less than a reasonable royalty pursuant to 35 U.S.C. § 284, together with pre- and post-judgment interest and costs;

G. An award to ESW of damages adequate to compensate it for Wyzant’s infringement of the ’698 Patent, in an amount to be proven at trial, but in no event less than a reasonable royalty pursuant to 35 U.S.C. § 284, together with pre- and post-judgment interest and costs;

H. An award to Aurea of damages adequate to compensate it for Wyzant's infringement of the '480 Patent, in an amount to be proven at trial, but in no event less than a reasonable royalty pursuant to 35 U.S.C. § 284, together with pre- and post-judgment interest and costs;

I. A judgment that IXL's infringement of the '864 Patent has been willful, and an award of enhanced damages to ESW pursuant to 35 U.S.C. § 284;

J. A judgment that Wyzant's infringement of the '698 Patent has been willful, and an award of enhanced damages to ESW pursuant to 35 U.S.C. § 284;

K. A judgment that Wyzant's infringement of the '480 Patent has been willful, and an award of enhanced damages to Aurea pursuant to 35 U.S.C. § 284;

L. A judgment that this case is exceptional under 35 U.S.C. § 285 and awarding Plaintiffs their reasonable attorneys' fees;

M. Pre- and post-judgment interest to the fullest extent permitted by law;

N. Costs of court and expenses; and

O. Such other and further relief as the Court deems just and proper.

**RICHARDS, LAYTON & FINGER, P.A.**

*/s/ Travis S. Hunter*
Travis S. Hunter (#5350)
Gabriela Z. Monasterio (#7240)
920 North King Street
Wilmington, Delaware 19801
(302) 651-7700
hunter@rlf.com
monasterio@rlf.com

***Attorneys for Plaintiffs ESW Operations, LLC and Aurea Software, LLC***

OF COUNSEL:

**BRACEWELL LLP**

Conor M. Civins
Michael Chibib
111 Congress Ave., Suite 2300
Austin, Texas 78701
Telephone: (512) 472-7800
Facsimile: (800) 404-3970
conor.civins@bracewell.com
michael.chibib@bracewell.com

Dated: August 20, 2026